JOHNSON, Judge.
This is an appeal from a final judgment denying the petitioner’s petition to revoke the probate of one Last Will and for an order admitting another and later Last Will and Testament executed by the deceased.
The first Will executed by Mrs. Essie Sue Yelvington was dated March IS, 1966. The second Will was dated August 13, 1970. The first Will favored one son, Conrad F. Yelvington, and named him as executor of the estate. This Will was filed for probate and admitted to probate about 4 days after the death of the testatrix, to wit: February 26, 1971. The last Will was filed for probate on March 2, 1971. The petition of revocation was filed, which was denied, hence this appeal.
In the final judgment, the probate court made a finding of facts from which he determined that the last Will was executed according to law, but that the evidence also established that the petitioner and one of her sisters and a brother were substantial beneficiaries under the purported will and occupied a confidential relationship to the decedent and were active in the procurement of the Will, thereby raising a presumption of undue influence on the testatrix, and that since no reasonable explanation for the active role of these named sisters and brother had been brought forward, that the petition should be denied.
We have read the entire record and we find from the testimony of the two doctors and the registered nurse, who were the witnesses to this last Will, that the decedent was very capable mentally, where she and they as witnesses, executed the will and that she knew what she was doing. The nurse testified that the decedent had been worried about a former will and that after she had executed the new will, she was better satisfied. The lawyer who prepared the will testified that he talked to the testatrix several weeks after the Will was prepared and she had told him it was perfect, in answer to his question of whether or not the will was okay. It is to be noted that this latter conversation between the decedent and the lawyer took place in the lawyer’s office in DeLand, when they were alone. In this testimony, the lawyer told of the decedent asking him about his grandfather and his old home place. 'At this same time, this lawyer, at the decedent’s request, prepared a deed purporting to be to the old homeplace, the decedent making the announcement that she wanted the old place preserved as a home for the unmarried children.
This testimony convinces us that the decedent was not under undue influence from any of her children. The said Will devised her property equally between her children. The influence exerted by the children is none other than what would have been expected from children who cared for their mother. We do not agree with the probate court that the activity of the petitioner nor her sisters and brother was such as to require them to come forth with an explanation of their role in the decedent’s affairs.
*499 In the answer to the petition, filed by-Conrad Yelvington, individually and as Executor of the Last Will and Testament of Essie Sue Yelvington, it is alleged as follows:
“1. On the 15th day of March, 1966, Essie Sue Yelvington, deceased, pursuant to an agreement with Conrad Yelvington and for a valuable consideration did make and publish her Last Will and Testament which among other things devised and bequeathed to Conrad Yelving-ton the following described real property
Also in the third paragraph of said answer, it is alleged as follows:
“3. That Conrad Yelvington pursuant to said agreement with Essie Sue Yel-vington, deceased, did enter into possession of the aforedescribed real property and with the knowledge, consent and acquiescence of the said Essie Sue Yel-vington, deceased, the petitioner, Genevieve E. Bowman, and all other heirs of said deceased, construct, erect and place on the aforedescribed real property valuable improvements the cost of which exceeded the sum of $45,000.00.”
The same attorney who prepared the March 15, 1966 Will for Mrs. Essie Sue Yelvington is now of counsel for Conrad Yelvington. Assuming as true the allegations in paragraph one of the answer, supra, it would appear to us that more undue influence was exerted on the testatrix in the first Will than on the last. Conrad Yelvington seemed to treat the devise in the will, although the testatrix was still alive, as a conveyance. He alleges that he took possession of a certain parcel of property with the consent and acquiescence of the decedent and his brothers and sisters, upon which he had constructed a valuable improvement.
While Conrad Yelvington may have been ill-advised as to his rights, it does not change the law that a provision in a will is subject to change at any time the maker of the will wishes, while alive. The proposed devise contained in a will conveys no interest to the devisee so long as the testatrix is alive. While the fact that the other heirs of the testatrix knew of and therefore could have acquiesced in the improvement he made, might give rise to some form of unjust enrichment proceeding against the other heirs, it does not convey title prior to probate of a valid will.
From the evidence in this case we find, and so hold, that the probate court was in error in not granting the petition to revoke and in refusing to admit to probate the August 13, 1970 Will of Mrs. Yelvington.
The Supreme Court of Florida in In Re Estate of Carpenter, 253 So.2d 697, 704 (1971) said:
“Our conclusion . . . that a properly executed will should be given effect unless it clearly appears that the free use and exercise of the testator’s sound mind in executing his will was in fact prevented by deception, undue influence, or other means. . . .”
In the case sub judice, there is a scarce amount of any of the criteria involving active procurement in the execution of the last Will in question. The testimony submitted told of the tender loving care bestowed upon the testatrix by her children, which we think is enough explanation of the role of the beneficiaries in the affairs of the decedent to rebut the assumption of undue influence. The fact that three of the named children, in addition to Conrad Yelvington, were equal beneficiaries with all of the children of the decedent rebuts that these three were “substantial” beneficiaries.
For the reasons pointed above, and on authority of In Re Estate of Carpenter, supra, the final judgment is reversed and the case remanded to the trial court to revoke the first Will and to admit to probate the latter Will.
Reversed and remanded.
*500 RAWLS, Acting C. J., concurs.
NESBITT, Associate Judge, dissents.