HERLONG, District Judge,
concurring in part and dissenting in part:
I concur with Parts I, II, and III of Judge Niemeyer’s opinion and agree that the automatic stay provision of the Bankruptcy Code operated to prevent the IRS’s tax lien from attaching to the inheritance. Yet I disagree with the conclusion that the IRS had a secured claim to the extent of $1000. Accordingly, I respectfully dissent to Part IV of Judge Niemeyer’s opinion.
As correctly stated in Part IV of Judge Niemeyer’s opinion, the $1000 “represented the stipulated value of Avis’ interest in the Weir trust as of the bankruptcy petition date.” Ante at 724. Part I of Judge Niemeyer’s opinion, however, states that the $1000 stipulation represented “the value of Avis’ interest in the inheritance as of the date of the bankruptcy petition.” Ante at 720 (emphasis added). This latter description is inaccurate because Avis’ interest in the Davis Weir trust is distinct from his interest in the inheritance.
*726 The bankruptcy court allowed the IRS to have a lien “in the post-petition distribution of principal from the trust under the will of David Weir only to the extent of the present value of Avis’ interest in the trust as of the filing dated of the chapter 7 petition.” (J.A. at 90.) The parties then stipulated that “the present value of the debtor’s interest in the trust as of the filing date” was $1000. (J.A. at 92.) Thus, the description employed by Judge Niem-eyer’s opinion in Part IV is the correct characterization of the $1000 stipulation— it represents Avis’ interest at the time of the filing in the trust, not the inheritance. If the “debtor’s interest in the trust as of the filing date” is closely examined, however, it becomes clear that there are three “interests” that Avis had in the trust at that time. None of these interests can provide a basis for giving the IRS a secured lien. Accordingly, the district court erred in allowing the IRS to have a secured claim to the extent of $1000.
The first of Avis’ three interests in the trust at the time of the filing date was Avis’ interest in receiving income from the trust (“income interest”). This income interest was a valid property interest that clearly had some value at the time of the filing of the petition. Thus, it may appear that the IRS’s lien should have attached to it. Avis’ income interest, however, was effectively listed on his bankruptcy petition as exempted from the bankruptcy estate. When reopening the case, the bankruptcy court specifically stated that “exempted was [Avis’] right to the income from the trust.” (J.A. at 24.) Therefore, the income interest may not serve as a basis for a secured lien by the IRS.
The second of Avis’ three interests in the trust at the time of the filing was a contingent remainder interest in the trust (“contingent remainder interest”). This interest was contingent upon (1) Maureen Weir not exercising her power of appointment over the assets of the trust, and (2) Avis living twenty-five years after the death of Maureen Weir. See (J.A. at 86.) If these two events occurred, then Avis would receive a distribution of three percent of the remaining corpus of the trust. There is nothing unusual about this interest — Avis was simply one of several potential remainder men under the trust.
Avis’ contingent remainder interest was a valid property interest that clearly had some value at the time of the filing of the petition. Thus, it may appear that the IRS’s lien should have attached to it. This interest, however, was effectively listed on the petition as exempted from the bankruptcy estate. When reopening the case, the bankruptcy court specifically stated that “exempted was ... any contingent remainder interest not maturing within the 180-day period after the commencement of the case.” (J.A. at 24.) Avis’ contingent remainder interest did not mature within the 180-day period after the commencement of the case. Indeed, it could not mature in such a period because it could not mature until twenty-five years after the death of Maureen Weir, and she was still alive at the commencement of the case. Consequently, the contingent remainder interest was exempted and therefore may not serve as a basis for a secured lien by the IRS.
The third of Avis’ three interests in the trust at the time of filing was the possibility that Avis might inherit a portion of the corpus of the trust via Maureen Weir’s exercise of her testamentary power of appointment in his favor, thereby terminating the trust early and distributing a portion to Avis. This “expectancy interest,” as I will call it, was not a property interest at all — even though it materialized into a very real $150,000 inheritance — because under Florida law “[a] proposed devise contained in a will conveys no interest to the devisee so long as the testatrix is alive.” Bowman v. Yelvington, 280 So.2d 497, 499 (Fla.Dist.Ct.App.1973). Because Maureen Weir was alive at the time of the filing, no interest was conveyed via her will. The bankruptcy court itself stated that the possibility of inheriting under the *727 power of appointment was a “mere expectancy” that did not rise to the level of a property interest at the time Avis filed the bankruptcy petition. (J.A. at 85.) Specifically, the court stated: “Since Maureen Weir remained free to change her will at any time prior to her death, the language in the will exercising her power of appointment in favor of Avis could have no legal effect, and conveyed no interest in the principal of the trust, until she died.” (J.A. at 86-87 (emphasis added).)
Because Avis’ expectancy interest under the power of appointment was not a property interest at the time of the filing of the petition, there was nothing to which the IRS’s lien could attach. Neither could Avis’ expectancy be considered one of the contingencies under his vested contingent remainder interest. The expectancy interest did come to fruition in the form of a $150,000 inheritance, but this inheritance did not exist until Maureen Weir’s death, which came after the filing of the petition. At that point, the automatic stay provision prohibited the IRS’s lien from perfecting. At the time of filing, however, the possibility of an inheritance within 180 days was a “mere expectancy” and not a property interest. Therefore, it may not serve as a basis for a secured lien by the IRS.
When the bankruptcy court examined this issue, it recognized that the expectancy interest had no value. It then allowed the IRS to have a secured lien on the value of Avis’ income interest and vested contingent remainder interest in the trust. This value was later stipulated to be $1000.* However, the court erred in allowing the lien to be secured because these two interests, as explained above, had been properly exempted. It is peculiar that the bankruptcy court declared these interests to be exempt when it reopened the case and then allowed a secured claim against their value in a later order. It appears that the bankruptcy court simply forgot that these interests had been held to be properly exempted. Regardless of the reasons for the inconsistency, the law of the case was that the interests were exempted, and the district court erred in allowing the secured claim on the basis of exempted interests.
Furthermore, the fact that the distribution of the inheritance itself was not exempted does not alter the above analysis. The bankruptcy court stated that “the right to the distribution was not effectively claimed exempt and has not passed out of the bankruptcy estate.” (J.A. at 25.) This statement is correct. It is important to remember that the inheritance did not exist at the time of the filing and that Avis’ possibility of receiving the inheritance was not a valid property interest. This expectancy is entirely distinguishable from Avis’ interest in the trust at the time of the filing (i.e. his income interest and contingent remainder interest), which was exempted. The reason that the distribution of the inheritance was not exempted was because Avis’ description of his interest in the Davis Weir trust on the schedule of exemptions “did not fairly place the trustee and creditors on notice of the debtor’s immediate right to a 3% lump sum distribution of principal arising from Maureen Weir’s exercise of her power of appointment.” (J.A. at 25.) Avis’ description of his interest in the Davis Weir trust on the schedule of exemptions did, however, place the trustee and creditors on notice of his income interest in the trust and of his contingent remainder interest in the trust. Thus, these interests were exempted, whereas the inheritance was not.
In fact, the bankruptcy court, in finding that the inheritance was not exempted, distinguished Avis’ eventual right to a three-percent lump sum distribution of principal (arising from Maureen Weir not *728 exercising her power of appointment and from Avis living twenty-five years past the death of Maureen Weir) — i.e. Avis’ contingent remainder interest — from Avis’ immediate right to a three-percent lump sum distribution of principal (arising from Maureen Weir’s exercise of her power of appointment) — i.e. the inheritance. It held that the former was exempted and that the latter was not. See (J.A. at 24-25). I am in full agreement.
In sum, there was no interest in the trust or in the inheritance at the time of the filing of the petition to which the IRS’s lien could attach. The income and contingent remainder interests were properly exempted, and the expectancy interest in the inheritance was not a property interest. Thus, whether the $1000 represented the exempted income interest, the exempted contingent remainder interest, or the non-existent expectancy interest — or some combination of the three — it was error for the bankruptcy court to hold that the IRS had a secured lien in that amount.
I also would like to point out an alternative resolution of the case based upon the above discussion. If Maureen Weir’s death and resulting exercise of her power of appointment terminated the trust— thereby terminating Avis’ income and contingent remainder interests — the property to which the IRS’s lien attached no longer existed when the IRS instituted proceedings to use this property as a basis for its secured claim. Thus, even if this property were not properly exempted, it ceased to exist and consequently could not form the basis of a secured claim.
In conclusion, the IRS has no secured claim to the extent of $1000. Accordingly, I would reverse the district court’s affir-mance of the bankruptcy court on this issue.

To the extent the $1000 represented Avis’ expectancy interest in the inheritance, the lower court erred because Avis’ expectancy interest did not rise to the level of a property interest and thus could not be assigned a value. Because the bankruptcy court had just made this determination, it does appear that it included the value of Avis’ expectancy interest in the amount of the secured lien.