In re Charles R. **FARRIOR**, Katherine L. Farrior, Debtors.

**Roy V. Wolfe III, Trustee, Plaintiff,**

v.

**Charles R. Farrior, Janet Farrior Von Gal, C. William Orndoff Jr., Treasurer, Frederick County, Virginia, Defendants.**

Bankruptcy No. 04–00263.
Adversary No. 05–05032.

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

April 20, 2006.

484

Marilyn A. Solomon, Winchester, VA, for Debtors.

**DECISION AND ORDER**

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the court is the complaint of the Trustee to sell real estate free and clear of liens and co-owner's interest pursuant to 11 U.S.C. § 363(h) and Federal Rule of Bankruptcy Procedure 6004. On September 8, 2005, the court conducted a hearing on the complaint, and the parties agreed to a continuance to file a stipulation of facts and supporting briefs addressing the validity and effect of a disclaimer of property inherited by the debtor. The court continued the complaint to December 21, 2005. However, the parties agreed to cancel their appearances and to submit the matter for decision based on the record of filed memorandum and briefs. The matter was taken under advisement. The parties have submitted a stipulation of fact and further memorandum, and the matter is ripe for adjudication.

**STIPULATED FACTS**

On February 17, 2004, Charles R. Farrior and Katherine L. Farrior, the debtors, filed a joint voluntary petition for Chapter 7 relief, and an Order for Relief was entered. Roy V. Wolfe III, Esq., qualified as Chapter 7 Trustee.

By deed dated December 29, 1969, Charles Farrior's mother, Ruth M. Farrior, acquired a certain improved parcel of real estate containing approximately 0.52 acre fronting on State Route 641 (also known as Double Church Road), in Opequon District, Frederick County, Virginia. (hereinafter referred to as the Property).[1] On February 17, 2004, the debtors jointly filed a Homestead Deed in the Circuit Court of Frederick County, Virginia claiming certain exemptions. On February 24, 2005, the Debtors filed an Amended Homestead Deed in the Frederick County Circuit Court, claiming an exemption in the Property and valued the exemption at $ 5,902.00. On March 25, 2004 the trustee filed a § 341 meeting report that declared

---

1. The Property is identified as Tax Parcel No. 86–A–265.

that no assets were available for distribution. On May 25, 2004 the debtors received their discharge.

On or about May 5, 2004, Ruth M. Farrior died testate. Under the provisions of her Last Will and Testament, the debtor, Charles R. Farrior and his sister, the Defendant, Janet Farrior von Gal, each inherited a one-half (1/2) undivided interest in the Property, and in certain items of personal property owned by Mrs. Farrior on the date of her death. On or about March 11, 2005, Charles Farrior filed a Partial Disclaimer in the Frederick County Circuit Court disclaiming all but $5,902.00 of his interest in the Property. On March 16, 2005 the debtor filed Amended Schedules A and C with this court, together with copies of the Amended Homestead Deed and Partial Disclaimer. The Trustee was properly noticed with those filings on that date.

The parties seek the Court's consideration of the facts as stipulated in deciding whether the debtor may effectively disclaim inherited property, thereby excluding it as property of the estate to be administered by the trustee.

## LAW AND DISCUSSION

This court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334. This is a case filed under Title 11, and the court may hear and determine this core proceeding under 28 U.S.C. § 157(b)(2)(N). Venue in this proceeding is proper in this District under 28 U.S.C. § 1409(a).

 The filing of a joint case under the Code creates a bankruptcy estate comprised of all legal or equitable interests in property held by each debtor on the date of filing. 11 U.S.C. § 541(a). In general, property acquired by the debtor post petition is not considered property of the estate and may be retained by the debtor. *See United States v. Gold (In re Avis)*, 178 F.3d 718, 720 (4th Cir.1999). However, an exception to the general rule is provided by the Code whereby property acquired by inheritance, bequest or devise within 180 days of the filing of the petition becomes property of the estate. 11 U.S.C. § 541(a)(5)(A).[2] The debtors filed their Chapter 7 bankruptcy petition on February 17, 2004, and the male debtor inherited the property on May 5, 2004, within the 180–day time extension for inclusion of the property within the bankruptcy estate. Hence, his inheritance became property of the estate.

Under 11 U.S.C. § 363, the trustee may sell an interest in property of the estate and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common or joint tenant.

**2.** Interests acquired or arising after petition. If, as provided by § 541(a)(5) of the Code, the debtor acquires or becomes entitled to acquire any interest in property, the debtor shall within 10 days after the information comes to the debtor's knowledge or within such further time the court may allow, file a supplemental schedule in the chapter 7 liquidation case, chapter 11 reorganization case, chapter 12 family farmer's debt adjustment case, or chapter 13 individual debt adjustment case. If any of the property required to be reported under this subdivision is claimed by the debt-

or as exempt, the debtor shall claim the exemptions in the supplemental schedule. The duty to file a supplemental schedule in accordance with this subdivision continues notwithstanding the closing of the case, except that the schedule need not be filed in a chapter 11, chapter 12, or chapter 13 case with respect to property acquired after entry of the order confirming a chapter 11 plan or discharging the debtor in a chapter 12 or chapter 13 case.

Fed. R. Bankr.P. 1007(h)

The debtors argue that the provisions of § 363(h) do not apply to the proposed sale because the male debtor made a partial disclaimer of his inheritance, and he amended his homestead deed to exempt $5,902, the full value of inherited property which he did not disclaim. In summary, the debtors assert that the right given Mr. Farrior under Virginia law to disclaim his inheritance permits exclusion of the disclaimed interest as property of the estate even when the disclaimer occurs after the filing of the bankruptcy petition.[3]

 Federal law, not state law, determines what constitutes the property of the estate. The term "property of the estate" encompasses "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(5)(A) includes as property of the estate property inherited within 180 days of the filing. As of the date of the filing of the petition Mr. Farrior had disclaimer "rights" granted citizens of the Commonwealth under Virginia law[4]. (emphasis added). That is a legal interest in property. Since 11 U.S.C. § 541(a)(5)(A) makes inherited property property of the estate as of the filing date, Mr. Farrior's proper-

ty at filing consisted of the legal right to disclaim and the property. Once he filed Mr. Farrior lost any right to exercise disclaimer under Virginia law because 11 U.S.C. § 704(a)(1) gives the Chapter 7 trustee the duty to "collect and reduce to money the property of the estate...." The right to disclaim after the filing of the bankruptcy petition became property of the estate and only the trustee could administer that legal interest of the debtor.[5] To hold otherwise would permit state law to preempt the Federal Bankruptcy Code.[6]

## CONCLUSION

For the reasons state this court holds that the post petition disclaimer by Charles R. Farrior in the property inherited from Ruth Farrior was ineffective. Accordingly, it is

## ORDERED:

That the post petition partial disclaimer of Charles R. Farrior filed in the Clerk's Office of the Circuit Court of Frederick County, Virginia, be and hereby is declared VOID and the undivided one half interest of Charles R. Farrior in Tax Par-

---

**3.** See Va.Code Ann. § 64.1–196.4

**4.** A disclaimer is not effective until a signed, written record of the disclaimer is delivered to the personal representative of the trustee or filed with the probate court. See Va.Code Ann. § 64.1–196.4(D).

**5.** Virginia law provides for trustees to exercise disclaimer over property from becoming part of the trust. Va.Code Ann. § 64.1–196.7

**6.** In interpreting the "Supremacy Clause", U.S. Const., Art. VI, cl. 2, as the basis for determining when state law should give way to federal law, the Supreme Court has held that state law is nullified when it conflicts with federal law to the point that it is physically impossible for a citizen to comply with both. *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 143, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963). Here, it is not possible

for the debtor to transfer his legal right to the inheritance to the trustee to be administered as property of the estate as required under 11 U.S.C. §§ 541 & 542 and also exercise his disclaimer right under Va.Code Ann. § 64.1–196.4. As with the federal grant of exemptions in the Code allowing debtors to exclude certain property from the estate, even state exemption statutes in "opt-out" states arise by the federal grant of exemptions in § 522, the right to disclaim inheritance property and exclude it from the estate must come from an act of Congress. *Cf. United States v. Irvine*, 511 U.S. 224, 240, 114 S.Ct. 1473, 128 L.Ed.2d 168 (1994) (holding federal tax law is not "struck blind" by state law right to inheritance disclaimer where Congress has shown no intent to support state law legal fictions as touchstones of taxability).

cel no. 86–A–265 is property of the estate pursuant to 11 U.S.C. § 541(a)(5)(A) to be administered by the Chapter 7 Trustee, and it is

**FURTHER ORDERED:**

That further hearing shall be conducted on the Trustee's complaint to sell the real estate interest of the debtor, Charles R. Farrior, under 11 U.S.C. § 363(h), a pretrial conference will be conducted May 3, 2006 at 10:30 a.m. in the Bankruptcy Courtroom, Third Floor, U.S. Courthouse, 116 N. Main St., Harrisonburg, Virginia